UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 98-8169-Cr-Hurley

UNITED STATES OF AMERICA,

v.

JEREMY BENDER,

        Defendant.
_____/



FILED by _____ D.C.

SEP 11 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION

The Defendant, JEREMY BENDER, appeared before the Court on September 11, 2012, *pro se* but with the aid of stand-by counsel, AFPD Neison Marks[1], for a final hearing on his alleged violations of supervised release. At the final hearing, Defendant Jeremy Bender stated that he desired to waive the final hearing and admit supervised release violation 1 (unlawfully possessing or using cocaine). This matter is now ripe for review.

In 2000, Defendant was initially convicted of two counts of transporting or shipping a visual depiction of a minor engaging in sexually explicit conduct in interstate commerce by computer, in violation of 18 U.S.C. §§ 2256(2) and 2252(a)(1), and one count of possessing images of child pornography that have been transported and shipped by computer, in violation of

---

[1] The Federal Public Defender's Office was appointed as "stand-by counsel" at Defendant's initial appearance after Defendant stated that he wished to represent himself. [DE 199]. This Court conducted a *Faretta* inquiry at Defendant's July 30, 2012 initial appearance and detention hearing and found that Defendant knowingly and voluntarily waived his right to be represented by counsel. [DE 203]. At the August 1, 2012 preliminary hearing, the Court conducted another colloquy with Defendant, and Defendant stated he wanted to represent himself. The Court again determined that Defendant was competent to represent himself and had knowingly and voluntarily waived his right to counsel. [DE 205]. At the final hearing on September 11, 2012, the Court again ensured that Defendant understood the allegations against him and conducted an inquiry in order to establish that Defendant was competent to represent himself with the aid of stand-by counsel. The Court found that Defendant was clear-headed and competent. Stand-by defense counsel also stated that he had no concerns about Defendant's ability to represent himself.

18 U.S.C. § 2256(2) and 2252A(a)(5)(B). [DE 144]. On November 3, 2000, U.S. District Judge Daniel T.K. Hurley sentenced Defendant to 168 months in prison followed by three years of supervised release. [DE 156]. Defendant commenced supervised release on or about June 3, 2012.

Defendant is now charged with violating (1) a mandatory condition of his supervised release by unlawfully possessing or using a cocaine, (2) a special condition of his supervised release by failing to participate in an approved treatment program by failing to attend his scheduled appointment with Dade Family Counseling's psychiatrist on July 21, 2012, and (3) a special condition of his supervised release by failing to participate in an approved program by failing to attend his scheduled appointments with Dade Family Counseling's drug treatment on July 16, 2012, and July 23, 2012. [DE 202].

At the September 11, 2012 final hearing, the prosecutor announced that it was her understanding that Defendant now desired to admit violation 1. Defendant confirmed the prosecutor's representation and stated that he desired to admit violation 1--the unlawful possession or use of cocaine. Defendant also stated that he desired to waive his right to a final revocation hearing. Defendant signed a waiver of his right to a final hearing in open court.

In light of Defendant's admission to violation 1, the Court requested that the government make a proffer as to the evidence supporting violation 1. During the proffer, the government asserted that, while Defendant was on supervised release for his underlying offense, he used cocaine. The prosecutor proffered that on or about June 26, July 3, and July 6, 2012, Defendant submitted urine specimens which tested positive for the presence of cocaine. Defendant agreed to the government's proffer and admitted under oath that he had used cocaine and that his urine specimens had tested positive for the presence of cocaine.

The Court conducted a colloquy with Defendant to ensure that he understood his rights and was admitting to the violation knowingly, intelligently, and voluntarily. The Court found Defendant to be intelligent, competent, clear-headed, and not under the influence of any narcotics, drugs or alcoholic beverages. Defendant stated that he was satisfied with his stand-by counsel, and that he had sufficient time to review all discovery and discuss the case with his stand-by counsel. Defendant admitted the first violation of supervised release lodged against him, that is, Defendant's unlawful possession or use of a controlled substance.

The Court finds that Defendant understood his rights, including his right to contest the charges, his right to retain counsel or have counsel appointed for him, his right to confront the witnesses against him, his right to written notice of the allegations, his right to disclosure of the evidence against him, his right to appear, present evidence and question any adverse witness, and his right to make a statement and present any evidence in mitigation. The Court also finds that Defendant's admission to violation 1 was knowingly and voluntarily made with the assistance of stand-by counsel.

Additionally, at the September 11, 2012 hearing, Defendant, the government, and stand-by defense counsel made a joint recommendation to the Court that violations 2 and 3 be dismissed.

The Court also notes that Defendant explained during the September 11, 2012 hearing, that he wants to be rehabilitated and desires to enter a drug treatment program or have access to a drug treatment program when he is released. Defendant attested that he is working with his stand-by counsel to find an appropriate program and would like to coordinate with his probation officer as well. Defendant admitted that he has had issues with drugs in the past, and he does not want to be placed into a residential setting where drug usage is open and notorious as it was in the prior area where he was required to reside.

## RECOMMENDATION

In light of the evidence presented, the government's proffer, and Defendant's knowing and voluntary admission, this Court concludes, by a preponderance of the evidence, that Defendant violated a condition of his supervised release by unlawfully possessing or using a controlled substance while on supervised release. Thus, the Court concludes that Defendant violated supervised release violation 1.

The Court agrees with the joint recommendation of the government, Defendant, and stand-by defense counsel to dismiss violations 2 and 3 as the Court finds that the evidence supporting violations 2 and 3 is insufficient.

Thus, the Court RECOMMENDS that the District Court find Defendant guilty of violation 1 and dismiss violations 2 and 3. The Court further RECOMMENDS that the matter be set down for sentencing before the District Court.

The Clerk is DIRECTED to set this matter before the sentencing calendar of the Honorable United States District Judge Daniel T.K. Hurley.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Daniel T.K. Hurley, within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C).

DONE and ORDERED and DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this 11th day of September, 2012.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE